IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ABRIELLE LONDO, | ) |
|       Plaintiff, | ) Case No. 2:20-cv-53-PLM-MV |
| v. | ) U.S. District Judge: |
| | ) Hon. Paul L. Maloney |
| ENRIGHT FAMILY RESTAURANTS, | ) |
| et al., | ) U.S. Magistrate Judge: |
| | ) Hon. Maarten Vermaat |
|       Defendants. | ) |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants maintain that their Motion for Summary Judgment should be granted, dismissing all counts of Plaintiff's Complaint with prejudice. However, with trial fast approaching, Defendants must also prepare for trial in the event summary judgment is not granted. Thus, for the reasons set forth in Defendants' Brief in Support, *infra*, Defendants respectfully request that the Court:

(a) compel discovery by requiring Plaintiff to cause delivery of an authorization to release health records within five (5) business days;

(b) authorize limited discovery, specifically to allow Defendants to issue subpoenas duces tecum, if necessary, to obtain medical records with said authorization;

(c) order Plaintiff and her counsel to pay Defendants' reasonable expenses, including attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Defendants request $1,500.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant
_____
PHILLIP B. TOUTANT (P72992)
Attorney for Defendants
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ABRIELLE LONDO, ) | |
| ) | Case No. 2:20-cv-53-PLM-MV |
| Plaintiff, ) | |
| ) | U.S. District Judge: |
| v. ) | Hon. Paul L. Maloney |
| ) | |
| ENRIGHT FAMILY RESTAURANTS, ) | |
| et al., ) | U.S. Magistrate Judge: |
| ) | Hon. Maarten Vermaat |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY**

*Introduction.* This Motion seeks to compel the production of simple medical and general authorizations to release information. Defendants have received assurances that the authorizations would be forthcoming. However, Plaintiff's promises have proven to be empty. Defendants' position is that this case should be dismissed with prejudice. As such, Defendants have already filed a Rule 56 Motion, which is fully briefed. See ECF 31-33 & ECF 37. However, in the event that Defendants' Motion for Summary Judgment is not granted, Defendants require authorizations to be able to prepare for trial. Hence the instant Motion.

*Background/Procedural History.* The Court is familiar with Plaintiff's allegations. Briefly, Plaintiff alleges various causes of action concerning Family Medical Leave Act ("**FMLA**") violations and sexual harassment claims under Michigan's Elliott Larson Civil Rights Act ("**ELCRA**"). On February 12, 2021, Defendants served their Requests for Production of Documents.[1] Request No. 10 requested that Plaintiff "execute and return the

---
[1] (**Exhibit 1—Defendants' Requests for Production of Documents to Plaintiff and Proof of Service**).

attached authorizations for the release of health, employment and other information."[2] Due to a clerical error, the authorizations were inadvertently omitted from the requests. Plaintiff served her responses on April 5, 2021.[3] Instead of expressing willingness to sign authorizations or to request the inadvertently omitted authorizations, Ms. Rector's response was that there were no documents attached.[4]

On May 12, 2021, Defendants served their Second Requests for Production of Documents, which again requested that Ms. Rector sign authorizations for the release of medical information.[5] No responses to these requests have been received.

On May 24, 2021, at Ms. Rector's deposition was taken. At the deposition, Defendants' counsel requested that Ms. Rector sign authorizations for the release of her health information. Again, Plaintiff and her counsel refused to simply execute standard authorizations:

> Q. Okay. I have some medical authorizations and a general authorization. Would you sign this right here?
>
> MS. BURINK: Do it through a discovery request.
>
> MR. TOUTANT: I am making a discovery request right now.
>
> MS. BURINK: A written request.
>
> BY MR. TOUTANT:

---

[2] (**Exhibit 1, ¶ 10**).

[3] (**Exhibit 2—Plaintiff's Responses to Defendants' Requests for Production of Documents**).

[4] (**Exhibit 2, ¶ 10**).

[5] (**Exhibit 3—Defendants' Second Requests for Production of Documents to Plaintiff and Proof of Service**). Note that "Requests" is somewhat of a misnomer—Defendants' Second Request was simply for the execution of the aforementioned authorizations.

*Q.*     So you are refusing to sign an authorization to release your health care records?

*A.*     Yes.

MS. BURINK: Hold on. I am going to object to you handing that to her during a deposition. I think that needs to be provided through a discovery request, not through a deposition. This isn't any sort of deposition duces tecum, anything like that. I don't know what authority you have to have her sign it right now.

MR. TOUTANT: So, for the record, you are advising your client not to sign this medical authorization?

MS. BURINK: I am advising my client to wait until we get a written discovery request for that.

MR. TOUTANT: You have already been served with one, actually.

MS. BURINK: Okay. Let me look at them. I am not going to withhold anything from you.

MR. TOUTANT: You are withholding from me right now by you not agreeing to allow her records to --

MS. BURINK: Okay. We will let the court sort that out, Phil.

MR. TOUTANT: Would you like to look at that? You just said you would like to look at it. I would like to get this authorization signed so I can get these records.

MS. BURINK: Okay. Well, would you like to make a written request for those?

MR. TOUTANT: I already have.

MS. BURINK: Then if I have got those written requests, Phil, I will provide them to you within the timeline.

MR. TOUTANT: I don't have them. I made a written request with my first requests.

MS. BURINK: Well, you made a written request, but nothing was included with them.

5

MR. TOUTANT: Well, they are included now, and you have had more than 30 days.

MS. BURINK: Okay. Well, then we will take a look at them, and I will have them signed for you. Okay?

MR. TOUTANT: Okay. We will go off the record and let you do that.

MS. BURINK: I am not going to have my client sign them right now, Phil.

MR. TOUTANT: This is delaying discovery in this case inappropriately.

MS. BURINK: Phil, I am not refusing okay? I don't understand what the big deal is here.

MR. TOUTANT: So will you please have your client sign and return the authorizations to me during this deposition?

MS. BURINK: I am going to have my client sign and return any authorizations in accordance with the written discovery that you have provided to me. So, yes, I will.

MR. TOUTANT: Why can't you have her do it right now?

MS. BURINK: Because I am telling you, I need to review it with her, and if you have already have sent these to me through a written discovery, then it shouldn't be an issue.

MR. TOUTANT: Well, it is an issue because we have a limited time.

MS. BURINK: Okay. I am not going to provide them to you during this deposition. What would you like me to do? Are you going to stop the deposition, or would you like to carry on?

MR. TOUTANT: Well, I think it is inappropriate that you are not signing them, because you and I both know that the material that would be released with those authorizations is relevant --

MS. BURINK: Okay.

6

> MR. TOUTANT: -- to the subject matter of this case, which your client has brought against my client. My client didn't get sued by his own decision. Your client chose to sue him. And as a result, I have a right to see her medical records.
>
> MS. BURINK: My --
>
> MR. TOUTANT: I am asking that that authorization be signed. We have a limited period for discovery. I am not sure when I would be able to get that from you. Discovery closes in a matter of months, and I don't know how long it will take for her providers to provide me with the information that I need.
>
> So rather than delaying the process of discovery, I would respectfully ask that you have your client sign that authorization and provide it to me. And I am willing to give you some time to review the three pages of standard medical authorizations right now, to allow you to do that.
>
> MS. BURINK: Thank you, Phil, for that. I really appreciate that. However, as I stated on the record before, we are going to go ahead and fill these out in accordance with your written discovery requests. They will be provided with her responses to the written discovery. So I am not withholding discovery. There is plenty of time. We are not up against any deadlines. There is no problem with that. This is typically not given during a deposition.
>
> MR. TOUTANT: I would disagree with that.
>
> MS. BURINK: Okay. Well, in my 15 years, I have not had an authorization handed to me during a deposition.
>
> MR. TOUTANT: Well, I am not asking you to authorize the release of your records.
>
> MS. BURINK: For my client to authorize, Phil.[6]

Plaintiff's counsel's claim that requesting signature on an authorization is unorthodox is baseless.

Parties are routinely asked to sign documents at their depositions. For example, it is common for

---

[6] **(Exhibit 4—Excerpt of Abrielle Rector (née Londo)'s Deposition)**.

7

parties to be asked to diagram a room or a roadway relevant to the facts of a given case and sign the drawing. Parties are commonly asked to provide handwriting samples and write down other information in depositions. Point being, defense counsel's request was not out of the ordinary.[7] Plaintiff's counsel was even offered the room to review the authorizations and confer with her client about them before signing (see deposition excerpt, above). This conduct was a continuation of Plaintiff's evasion of a legitimate discovery request.

Plaintiff's counsel emailed Defendants' counsel on June 1, 2021, informing that she was "working on" getting signed authorizations.[8] Still, no authorization was received.

On September 8, 2021, Defendants' counsel emailed Plaintiff's counsel, attempting to confer in good faith in an effort to avoid filing the instant Motion.[9] Plaintiff's counsel responded, claiming that she would talk to her client and be in touch.[10] No response, or authorization has been received to date.

*Discussion/Argument.* Defendants have made numerous attempts to obtain these records. Plaintiff has ignored Defendants' legitimate requests. This is completely improper. Plaintiff's medical and employment records are relevant to both her FMLA claims and to her damages in her ELCRA sexual harassment claims.[11] Plaintiff has put her health and employment

---

[7] See *e.g.*, *Fjellman v. Forest Hill Co-Op*, Unreported Order of the U.S. District Court for the Eastern District of Michigan, Case No. 06-cv-14470-DT, 2007 WL 1806173 (E.D. Mich. 2007) (Court entered order compelling discovery in housing discrimination case where Defendant presented medical authorizations to Plaintiff/Next Friend of Minor Plaintiff for release of son's medical records at her deposition. Plaintiff refused to sign and court entered order compelling discovery. See *id.*).

[8] (**Exhibit 5—June 1, 2021 Email Correspondence from Plaintiff's Counsel**).

[9] (**Exhibit 6—September 8, 2021 Email Exchange Between Counsel for the Parties**).

[10] (**Exhibit 6**).

[11] See *e.g.*, *Hawkins v. Anheuser-Busch, Inc.*, Unreported Order of the U.S. District Court for the Southern District of Ohio, Case No. 2:05-cv-688, 2006 WL 2422596 (S.D. Ohio 2006) (medical records of plaintiffs

8

history in issue. She should not be allowed to evade discovery of material that is likely essential for her proofs and defending same.

Thus, Defendants respectfully request that the Court:

(a) compel discovery by requiring Plaintiff to cause delivery of an authorization to release health records within five (5) business days;

(b) authorize limited discovery, specifically to allow Defendants to issue subpoenas duces tecum, if necessary, to obtain medical records with said authorization;

(c) order Plaintiff and her counsel to pay Defendants' reasonable expenses, including attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Defendants request $1,500.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant

PHILLIP B. TOUTANT (P72992)
Attorney for Defendants
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

---

discoverable for sexual harassment claims); see *e.g.*, *Newman v. Memphis Light Gas & Water*, Unreported Order of the U.S. District Court for the Western District of Tennessee, Case No. 07-2597-D/P, 2009 WL 33313 (W.D. Tenn. 2009) (court compelled production of medical records to defendant concerning plaintiff's alleged FMLA violation).