# **EXHIBIT 4**

```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF MICHIGAN
                         NORTHERN DIVISION

ABRIELLE LONDO (RECTOR),        )
                                )
     Plaintiff,                 )   Case No. 2:20-cv-53-PLM-MV
                                )
vs.                             )   U.S. District Judge:
                                )   Hon. Paul L. Maloney
ENRIGHT FAMILY RESTAURANTS,     )
and STEVE WHELAN,               )
                                )   U.S. Magistrate Judge:
                                )   Hon. Maarten Vermaat
     Defendants.                )
_____)

              DEPOSITION OF ABRIELLE LONDO (RECTOR)

      Taken on the part of the Defendants, at the offices of
Numinen, DeForge & Toutant, P.C., 105 Meeske Avenue,
Marquette, Michigan, on Monday, May 24, 2021, at about
11:03 a.m.

APPEARANCES:

     For the Plaintiff:   Sandra Hanshaw Burink (P68619)
                          Hanshaw Burink PLC
                          501 Hillside Drive
                          Marquette, MI 49855-5040
                          (906)273-1551
                          shburink@hb-lawoffices.com

     For the Defendants:  Phillip B. Toutant (P72992)
                          Numinen, DeForge & Toutant, P.C.
                          105 Meeske Avenue
                          Marquette, MI 49855
                          (906)226-2580

     Also in attendance:  Steve Whelan



     Reported by:    Sandra A. Larson, CSR-2916, RMR
                     NORTHERN REPORTERS
                     P.O. Box 27
                     Marquette, Michigan 49855
                     (906)226-2706
                     northernreporters@yahoo.com
```

1

1  Q    So in other words, you didn't have an employment
2       contract; correct?
3  A    Correct.
4  Q    Do you have your W-2s from any other years --
5  A    I would have to look.
6  Q    -- with Enright?
7  A    I would have to look.
8  Q    Okay.  I have some medical authorizations and a general
9       authorization.  Would you sign this right here?
10              MS. BURINK:  Do it through a discovery
11      request.
12              MR. TOUTANT:  I am making a discovery request
13      right now.
14              MS. BURINK:  A written request.
15 BY MR. TOUTANT:
16 Q    So you are refusing to sign an authorization to release
17      your health care records?
18 A    Yes.
19              MS. BURINK:  Hold on.  I am going to object
20      to you handing that to her during a deposition.  I
21      think that needs to be provided through a discovery
22      request, not through a deposition.  This isn't any sort
23      of deposition duces tecum, anything like that.  I don't
24      know what authority you have to have her sign it right
25      now.

```
 1                MR. TOUTANT:  So, for the record, you are
 2    advising your client not to sign this medical
 3    authorization?
 4                MS. BURINK:  I am advising my client to wait
 5    until we get a written discovery request for that.
 6                MR. TOUTANT:  You have already been served
 7    with one, actually.
 8                MS. BURINK:  Okay.  Let me look at them.  I
 9    am not going to withhold anything from you.
10                MR. TOUTANT:  You are withholding from me
11    right now by you not agreeing to allow her records
12    to --
13                MS. BURINK:  Okay.  We will let the court
14    sort that out, Phil.
15                MR. TOUTANT:  Would you like to look at that?
16    You just said you would like to look at it.  I would
17    like to get this authorization signed so I can get
18    these records.
19                MS. BURINK:  Okay.  Well, would you like to
20    make a written request for those?
21                MR. TOUTANT:  I already have.
22                MS. BURINK:  Then if I have got those written
23    requests, Phil, I will provide them to you within the
24    timeline.
25                MR. TOUTANT:  I don't have them.  I made a
```

```
 1      written request with my first requests.
 2              MS. BURINK:  Well, you made a written
 3      request, but nothing was included with them.
 4              MR. TOUTANT:  Well, they are included now,
 5      and you have had more than 30 days.
 6              MS. BURINK:  Okay.  Well, then we will take a
 7      look at them, and I will have them signed for you.
 8      Okay?
 9              MR. TOUTANT:  Okay.  We will go off the
10      record and let you do that.
11              MS. BURINK:  I am not going to have my client
12      sign them right now, Phil.
13              MR. TOUTANT:  This is delaying discovery in
14      this case inappropriately.
15              MS. BURINK:  Phil, I am not refusing okay?  I
16      don't understand what the big deal is here.
17              MR. TOUTANT:  So will you please have your
18      client sign and return the authorizations to me during
19      this deposition?
20              MS. BURINK:  I am going to have my client
21      sign and return any authorizations in accordance with
22      the written discovery that you have provided to me.
23      So, yes, I will.
24              MR. TOUTANT:  Why can't you have her do it
25      right now?
```

```
 1              MS. BURINK:  Because I am telling you, I need
 2     to review it with her, and if you have already have
 3     sent these to me through a written discovery, then it
 4     shouldn't be an issue.
 5              MR. TOUTANT:  Well, it is an issue because we
 6     have a limited time.
 7              MS. BURINK:  Okay.  I am not going to provide
 8     them to you during this deposition.  What would you
 9     like me to do?  Are you going to stop the deposition,
10     or would you like to carry on?
11              MR. TOUTANT:  Well, I think it is
12     inappropriate that you are not signing them, because
13     you and I both know that the material that would be
14     released with those authorizations is relevant --
15              MS. BURINK:  Okay.
16              MR. TOUTANT:  -- to the subject matter of
17     this case, which your client has brought against my
18     client.  My client didn't get sued by his own decision.
19     Your client chose to sue him.  And as a result, I have
20     a right to see her medical records.
21              MS. BURINK:  My --
22              MR. TOUTANT:  I am asking that that
23     authorization be signed.  We have a limited period for
24     discovery.  I am not sure when I would be able to get
25     that from you.  Discovery closes in a matter of months,
```

```
 1      and I don't know how long it will take for her
 2      providers to provide me with the information that I
 3      need.
 4              So rather than delaying the process of
 5      discovery, I would respectfully ask that you have your
 6      client sign that authorization and provide it to me.
 7      And I am willing to give you some time to review the
 8      three pages of standard medical authorizations right
 9      now, to allow you to do that.
10              MS. BURINK:  Thank you, Phil, for that.  I
11      really appreciate that.  However, as I stated on the
12      record before, we are going to go ahead and fill these
13      out in accordance with your written discovery requests.
14      They will be provided with her responses to the written
15      discovery.  So I am not withholding discovery.  There
16      is plenty of time.  We are not up against any
17      deadlines.  There is no problem with that.  This is
18      typically not given during a deposition.
19              MR. TOUTANT:  I would disagree with that.
20              MS. BURINK:  Okay.  Well, in my 15 years, I
21      have not had an authorization handed to me during a
22      deposition.
23              MR. TOUTANT:  Well, I am not asking you to
24      authorize the release of your records.
25              MS. BURINK:  For my client to authorize,
```

```
 1      Phil.
 2              MR. TOUTANT:  Oh, well, all right.  Well, let
 3      me take just a brief break, and then I am going to have
 4      some additional questions so --
 5              MS. BURINK:  Sure, okay.
 6              MR. TOUTANT:  Give me one moment.  I will be
 7      back in probably ten minutes or so.
 8              THE REPORTER:  So we are off the record?
 9              MR. TOUTANT:  May we go off the record?
10              MS. BURINK:  Sure.
11              (Discussion off the record.)
12              MR. TOUTANT:  All right.  Well, I took a
13      moment to discuss the matter with my client, and I --
14      with the exception of the materials that we have
15      discussed, that you haven't provided to your attorney,
16      which I reserve the right to continue this examination
17      about at some point in the future if necessary, I am
18      going to have no more questions for today.
19              MS. BURINK:  And I don't have any questions
20      for you at this point.  Thank you.
21                         *  *  *  *  *
22              (The deposition concluded at about 2:17 p.m.)
23
24
25
```