IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ABRIELLE LONDO, ) | |
| ) | Case No. 2:20-cv-53-PLM-MV |
| Plaintiff, ) | |
| ) | U.S. District Judge: |
| v. ) | Hon. Paul L. Maloney |
| ) | |
| ENRIGHT FAMILY RESTAURANTS, ) | |
| et al., ) | U.S. Magistrate Judge: |
| ) | Hon. Maarten Vermaat |
| Defendants. ) | |

## DEFENDANTS' MOTION TO REMAND OR DISMISS

Defendants seek to have the remaining one count of Plaintiff's Complaint remanded to state court or dismissed without prejudice. Plaintiff's Complaint alleged five counts, two counts alleging violations of the Family Medical Leave Act ("**FMLA**"), 29 U.S.C. § 2601, *et seq.*; see Plaintiff's Complaint, ECF 1; PageID.7-PageID.8. The FMLA counts afforded Plaintiff subject matter jurisdiction in this Court. 29 U.S.C. § 2617(a)(2). The other three counts fell under Michigan's Elliott Larson Civil Rights Act (the "**ELCRA**"), M.C.L. § 37.2101, *et seq.* The Court exercised supplemental jurisdiction over the ELCRA pursuant to 28 U.S.C. § 1367.

Defendants filed a motion for summary judgment as to all counts of Plaintiff's Complaint. ECF 31-32. Plaintiff opposed the motion and Defendant filed a reply to Plaintiff's opposition. ECF 35. The Court dismissed Plaintiff's FMLA claims and all counts save Plaintiff's ELCRA quid pro quo claim. ECF 42, PageID.296. Thus, the one claim remaining is a state law ELCRA claim. See *id.* This remaining claim should be either remanded to the 25th Judicial Circuit Court for the County of Marquette or dismissed without prejudice in the Court's discretion.

Pursuant to 29 U.S.C. § 2617(c)(1), a federal court may decline supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 1254–55 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); see also *Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) ("In fact, the usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."). "A district court generally has the discretion to retain or remand these claims if it subsequently dismisses the claims within its original jurisdiction. This discretionary authority gives the Court the discretion to remand rather than dismiss the plaintiff's state law claims." *Chisolm v. Michigan AFSCME Council 25*, 218 F.Supp.2d 855, 876 (E.D. Mich. 2002) (citing *Long v. Bando Mfg. of America*, 201 F.3d 754, 761 (6th Cir. 2000)). *E.g.*, *Willis v. Charter Twp. of Emmett*, Unpublished Opinion of the U.S. District Court for the Western District of Michigan, Case No. 5:05 CV 121, 2008 WL 2945933 (issued July 24, 2008) (remand of remaining state law gross negligence claims after summary judgment granted on 42 U.S.C. § 1983 claims). "If the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726. 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Plaintiff has only one count of a state law claim remaining. Plaintiff's one remaining claim should be decided in state court. Indeed, Plaintiff even captioned her Complaint for the 25th

Judicial Circuit Court for the County of Marquette. ECF 1; PageID.1. Which is telling of where this case should be continued. Plaintiff's one remaining count should be remanded to the state court or dismissed without prejudice, at the Court's discretion.

                        Respectfully submitted,

                        **Numinen, DeForge & Toutant, P.C.**

                        s/ Phillip B. Toutant
                        _____
                        PHILLIP B. TOUTANT (P72992)
                        Attorney for Defendants
                        105 Meeske Ave.
                        Marquette, MI 49855
                        (906) 226-2580
                        phillip@numinenlaw.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ABRIELLE LONDO, | Case No. 2:20-cv-53-PLM-MV |
| Plaintiff, | |
| | U.S. District Judge: |
| v. | Hon. Paul L. Maloney |
| ENRIGHT FAMILY RESTAURANTS, et al., | |
| | U.S. Magistrate Judge: |
| | Hon. Maarten Vermaat |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH LCivR 7.1(d)

Pursuant to W.D. Mich. LCivR 7.1(d), I hereby certify that I have attempted to obtain concurrence from Plaintiff's counsel concerning the relief requested in Defendants' Motion to Remand by emailing Plaintiff's counsel on September 29, 2021. On the same day, Plaintiff's counsel responded, stating that Plaintiff does not concur with the relief requested.

s/ Phillip B. Toutant

PHILLIP B. TOUTANT (P72992)