## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

**ABRIELLE LONDO,**

      Plaintiff,

                                   Case No. 2:20-cv-53-PLM-MV

v.

                                   Hon. Paul L. Maloney

**ENRIGHT FAMILY RESTAURANTS, and**   Magistrate Maarten Vermaat
**STEVE WHELAN,**

      Defendants.

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO REMAND OR DISMISS

Now comes Plaintiff, Abrielle Londo ("Plaintiff") by and through the undersigned counsel and responds to Defendants' Moton to Remand or Dismiss as follows:

**I.**     **Introduction**

This case arises out of the former employment of Plaintiff with Defendant Enright Family Restaurants. Plaintiff filed a complaint against Defendants for violation of the Family and Medical Leave Act and the Michigan Elliott-Larsen Civil Rights Act for allegations of sexual harassment hostile work environment, quid pro quo sexual harassment and retaliation. On September 29, 2021 the Court granted in part and denied in part Defendants' Motion for Summary Judgment. In doing so, the Court dismissed Plaintiff's claims under the Family and Medical Leave Act, leaving one claim remaining under the Elliott-Larsen Civil Rights Act.

The Complaint in this case was filed on May 4, 2020, and the parties have engaged in extensive discovery, including depositions and written discovery. Trial is currently set for October 18, 2021 and the parties have each been preparing for the upcoming trial, including preparing the Final Pretrial Order, Motions in Limine and engaging in settlement discussions. Despite this,

Defendants now ask that the Court dismiss the claim, requiring Plaintiff to refile her action in state court. For the reasons more clearly set forth below, Defendant asks that the Motion be denied.

## II.    Legal Analysis

"In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the `values of judicial economy, convenience, fairness, and comity.'"*Gamel v. City of Cincinnati*, 625 F.3d 949 (6th Cir. 2010). But there are circumstances where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed. Particularly where, as here, the case has been litigated and trial has been prepared for. In *Harper v. AutoAlliance Intern., Inc*, 392 F.3d 195 (6th Cir. 2004), for example, the court found that the following factors weighed in *favor* of retaining supplemental jurisdiction over the remaining state-law claims: (1) the plaintiff had engaged in forum manipulation, (2) the parties had completed discovery, and (3) the defendants' summary-judgment motions were ripe for decision. Moreover, the district court found that it "was familiar with the facts of the case and already had invested significant time in the litigation."

The values of judicial economy, convenience, fairness, and comity warrant the Court retaining supplemental jurisdiction. *Gamel* at 951-52 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Here, the parties have engaged in extensive discovery including depositions and written discovery and this case has been litigated for nearly 17 months already. To dismiss Plaintiff's claim and require her to refile and pay a *second* filing fee and engage in a *second* intrusive discovery process would be unfairly prejudicial.

The Court has decided that Plaintiff is entitled to have her claim heard by a jury after reviewing extensive arguments by the parties. The facts favor the Court retaining supplemental jurisdiction and Defendants' Motion to Remand or Dismiss should be dismissed.


Dated: September 30, 2021                s/ Sandra Hanshaw Burink
                                      Sandra Hanshaw Burink (P68619)
                                        Attorney for Plaintiff
                                        shburink@hb-lawoffices.com

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

**ABRIELLE LONDO,**

       Plaintiff,

                                  Case No. 2:20-cv-53-PLM-MV

v.

                                  Hon. Paul L. Maloney

**ENRIGHT FAMILY RESTAURANTS, and**   Magistrate Maarten Vermaat
**STEVE WHELAN,**

       Defendants.

---

**<u>Certificate of Service</u>**

I certify that I filed Plaintiff's Response in Opposition to Defendant's Motion to Remand/Dismiss using the Court's ECF system, which will automatically serve a copy on all counsel of record.

Dated: September 30, 2021             <u>s/ Sandra Hanshaw Burink</u>

4