IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ABRIELLE LONDO, ) | |
| ) | Case No. 2:20-cv-53-PLM-MV |
| Plaintiff, ) | |
| ) | U.S. District Judge: |
| v. ) | Hon. Paul L. Maloney |
| ) | |
| ENRIGHT FAMILY RESTAURANTS, ) | |
| et al., ) | U.S. Magistrate Judge: |
| ) | Hon. Maarten Vermaat |
| Defendants. ) | |

## **DEFENDANTS' MOTIONS IN LIMINE**

Defendants bring 11 motions in limine to exclude certain arguments and evidence prior to trial. Underlying the vast majority of Defendants' motions in limine are the elements/Plaintiff's burden of proof for her claim of quid pro quo sexual harassment pursuant to the Elliott Larson Civil Rights Act ("**ELCRA**"), M.C.L. § 37.2101, *et seq*. For this claim, Ms. Rector will need to prove the following:

> (a) that the employer or its agent subjected plaintiff to unwelcome sexual advances / requests for sexual favors / other verbal or physical conduct or communication of a sexual nature; and
>
> (b)
>
>> (i) that the employer or its agent explicitly or implicitly made the plaintiff's submission to such conduct or communication a term or condition to obtain employment [not applicable here]; and
>
> or
>
>> (ii) that the employer or its agent used plaintiff's submission to or rejection of such conduct or communication as a factor in a decision affecting the plaintiff's employment; and

    (c) that she suffered damages.

    A decision affecting the plaintiff's employment must be a tangible employment action. To be a tangible employment action, the action must constitute a change in employment status such as hiring, firing, or failing to promote.

    To prove that the submission to or rejection of the conduct or communication was a factor in a decision, plaintiff must demonstrate that the tangible employment action which she suffered was because of her rejection of, or submission to, the harassment.

M. Civ. J.I. 105.12 (alternative pronouns omitted from instruction; citing M.C.L. §§ 37.2202(1)(a) & 37.2013(i); *Chambers v. Trettco, Inc.*, 463 Mich. 297 (Mich. 2000); *Haynie v. Michigan*, 468 Mich. 302 (Mich. 2003); *Champion v. Nationwide Security*, 450 Mich. 702 (Mich. 1996)).

    1.    *<u>Motion in Limine to Exclude Testimony of Aubrey Goodreau or Others Concerning Alleged Sexual Harassment Towards Ms. Goodreau or Other Nonparties.</u>*

    It is anticipated that Plaintiff will attempt to introduce testimony from Aubrey Goodreau and/or other former Enright employees concerning claims that they suffered sexual harassment. See e.g., ECF 36-3, Purported Affidavit of Aubrey Goodreau, PageID.210, ¶¶ 3, 5-8.[1] Defendants seek to exclude such testimony from evidence at trial because it is irrelevant, fails the F.R.E. 403 balancing and inadmissible under F.R.E. 404(b).

    First, the anticipated testimony of Ms. Goodreau[2] is inadmissible because it is irrelevant. F.R.E. 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or

---

[1] Curiously, the notary to this affidavit stated that it was signed by Plaintiff. PageID.211. For the purposes of this motion in limine, Defendants presume that Plaintiff intends to obtain similar testimony from Ms. Goodreau.

[2] Counsel for Plaintiff has implied that other former or current Enright employees will testify similarly to Ms. Goodreau's testimony but said witnesses' identities are unknown to Defendants and their counsel as of yet. However, see e.g. (**Exhibit 1—Correspondence from Ms. Burink to Defense Counsel**)("Ms. Londo, and

less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Irrelevant evidence is inadmissible. F.R.E. 402. Testimony about Ms. Goodreau's claimed sexual harassment while she worked for Enright has no bearing on whether or not Ms. Rector was subjected to unwelcome sexual advances, requests for sexual favors or other conduct of a sexual nature. This sort of testimony has no bearing on any other elements of Plaintiff's claim either. Therefore, it is irrelevant and should be excluded from evidence.

Ms. Goodreau's anticipated testimony unrelated to Plaintiff's quid pro quo claim also fails the F.R.E. 403 balancing. F.R.E. 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See *Old Chief v. U.S.*, 519 U.S. 172, 180-92, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *U.S. v. Copeland*, 321 F.3d 582, 597-98 (6th Cir. 2003).

Here, Ms. Goodreau's testimony concerning alleged harassment unrelated to Plaintiff is of little probative value. What probative value such testimony may have is substantially outweighed by the risk of unfair prejudice to Defendants, who would be forced to essentially try a case within a case, having to disprove allegations wholly unrelated to Ms. Rector's allegation. Such evidence is also unfairly prejudicial because it bootstraps Ms. Rector's testimony with testimony that has no bearing on her claims. Further, the probative value of such testimony will also be outweighed by the risk of undue delay, waste of time, and the needless presentation of

---

other former employees, will testify at trial to the sexual harassment they too endure at the hands of Mr. Whalen."). The same argument applies for Ms. Goodreau as well as other current or former employees Plaintiff may call for this sort of testimony.

3

cumulative evidence. For that matter, the testimony runs afoul of F.R.E. 404(b). Therefore, such testimony should be excluded from evidence.

    2.    *Motion in Limine to Preclude Plaintiff from Testifying About Her Medical Conditions and Causation of Same.*

Plaintiff has at points claimed that she suffered from anxiety/stress as a consequence of the claimed sexual harassment. See *e.g.*, Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment, PageID.165-PageID.166; see *e.g.* (**Exhibit 1**)("As she testified, it was Mr. Whelan's behavior after she refused his sexual advances that led her to take a leave of absence to recover from the emotional distress."). At the outset, it should be noted that Ms. Rector *did not* testify consistently with her counsel's claim. From her deposition:

> *Q.*     What was that leave for?
>
> *A.*     I was pregnant.
>
> *Q.*     Is that it?
>
> *A.*     Under a lot of stress. I had just recently had a miscarriage and a TIA.
>
> *Q.*     So the leave from January '19 to February '19 was not due to the miscarriage or TIA, but it was due to stress you were under and pregnancy?
>
> *A.*     Due to all of it. A miscarriage and a stroke can be very stressful.
>
> *Q.*     Okay.
>
> *A.*     Along with the amount of stress I was under at work.

(**Exhibit 2**—Excerpts of Plaintiff's Deposition Testimony, p. 50-51).

It is a given that stress and anxiety disorders are medical diagnoses. Plaintiff lacks foundation to diagnose herself with anxiety or a stress disorder. As such, Plaintiff should not be allowed to testify as to purported medical conditions she has for which she is not qualified to render a diagnosis. See F.R.E. 702. She cannot testify to her medical diagnoses as she lacks the education, skill, training, or experience to do so. *Id.* Ms. Rector should not be allowed to offer testimony for which she lacks legitimate evidentiary foundation that should be within the realm of expert testimony.

3. *Motion in Limine to Preclude Plaintiff's Counsel or Witnesses from Using Unsubstantiated, Irrelevant Vulgar Language.*

During depositions, Plaintiff's counsel referenced vulgar phrases and attributed them to Defendant Whalen. For example, Plaintiff's counsel accused Mr. Whalen of referring to an employee as a "crackhead whore bitch." E.g., (**Exhibit 3—Whalen Deposition Excerpts, p. 50**). No one, including Ms. Rector has claimed that or anyone else was ever called a "crackhead whore bitch" by Mr. Whalen or anyone else. It is simply an unsubstantiated, inflammatory accusation raised by Plaintiff's counsel. As such, this and similar language is irrelevant pursuant to F.R.E. 401-402. Further, it is objectionable pursuant to F.R.E. 403; since it is of basically no probative weight, what probative value it does have is substantially outweighed by the risk of unfair prejudice. See F.R.E. 403. Inflammatory evidence unsupported by the record has no place in this trial.

4. *<u>Motion in Limine to Prevent Plaintiff from Giving Hearsay Testimony.</u>*

Defendants seek to prevent Plaintiff from offering hearsay testimony of claims of purported harassment confided to Plaintiff by other employees of Enright. Other instances of claimed harassment by other employees is irrelevant to Plaintiff's proofs and fails the F.R.E. 403 balancing test. The analysis of other instances of harassment being irrelevant is addressed in Defendant's Motion in Limine No. 1, *supra* is applicable here as well.

To the extent other employee testimony is brought in through hearsay, it is also inadmissible. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers to prove the truth of the matter asserted." F.R.E. 801(c). Unless subject to an exception, hearsay is inadmissible. F.R.E. 802. To the extent that Plaintiff attempts to introduce testimony of what she or other witnesses heard from third-party employees about alleged sexual harassment, it is improper hearsay. See F.R.E. 801-802. Thus, Plaintiff should be prohibited from offering or eliciting such testimony.

5. *<u>Motion in Limine to Bar Claims that Plaintiff is a Victim of Domestic Violence.</u>*

During his deposition, Plaintiff's counsel questioned Defendant Whalen about Ms. Rector being a victim of domestic violence. (**Exhibit 3, p. 21**). Such testimony is irrelevant and immaterial to Plaintiff's ELCRA count. See F.R.E. 401-402, analysis of rules in Defendants' Motion in Limine No. 1, *supra*. Whether Ms. Rector was a victim of domestic violence has no bearing on Plaintiff's proofs. Even if relevant, such testimony is violative of F.R.E. 403 as it is inflammatory and improperly panders to the jury for sympathy. Any probative value that existed

here is substantially outweighed by the risk of unfair prejudice. See F.R.E. 403. Accordingly, such testimony should not be allowed into evidence.

      6.    *__Motion in Limine to Bar Argument or Testimony Concerning Offers of Compromise.__*

Any settlement offers or offers of compromise made by Defendants are irrelevant to any issues in the case. See F.R.E. 401-402. Further, they are barred pursuant to F.R.E. 408. There are some exceptions to F.R.E. 408's bar on the introduction of offers of compromise but none of them are present here. Plaintiff should be barred from presenting any evidence of settlement discussions at the time of trial.

      7.    *__Motion in Limine to Preclude Testimony of Claimed Harassment of Plaintiff by Other Employees of Enright Aside from Defendant Whelan.__*

Plaintiff has testified that she was harassed by another employee of Enright, Shawn Outlaw. All of Plaintiff's claims besides quid pro quo harassment have been dismissed. There is no evidence in the record supporting the proposition that claimed harassment of Ms. Rector by Mr. Outlaw resulted in punishments or adverse action against her by her supervisors. Thus, such testimony is irrelevant to her ELCRA quid pro quo claim. See F.R.E. 401-402. Further, such testimony should be barred pursuant to F.R.E. 403.

      8.    *__Motion in Limine to Preclude Improper Questioning by Plaintiff's Counsel.__*

During Defendant Whelan's deposition, Plaintiff's counsel repeatedly asked questions that improperly presupposed that actionable conduct occurred on Mr. Whelan's part. The questions are analogous to "when did you stop beating your wife" questions used to illustrate

logical fallacies. For example, Plaintiff's counsel asked Mr. Whelan "[w]ere you upset at her for complaining to you about the inappropriate conduct?" (**Exhibit 3, p. 57**). This question presupposed that inappropriate conduct had occurred and there was no way Mr. Whelan could answer that question without conceding that something that did not occur had happened without being unresponsive. See *e.g.*, (**Exhibit 3, p. 33**) ("*Q.* You weren't happy that she did not want you romantically, were you?"). Such loaded questions are clearly improper (indeed, Plaintiff's counsel withdrew both of the aforementioned questions during Mr. Whelan's deposition). Aside from constituting a logical fallacy, such questions imply facts not in evidence and, no matter what a witnesses' response may be, the questions imply improper conduct. Therefore, they are misleading and should be inadmissible pursuant to F.R.E. 611(a). Further, such questions' probative force is substantially outweighed by the risk of unfair prejudice to Defendants. Therefore, these sorts of questions are also objectionable pursuant to F.R.E. 403. Plaintiff's counsel should be precluded from asking Mr. Whelan improper, loaded trick questions at trial.

    9. *Motion in Limine to Exclude Testimony as to Confrontation Between Aubrey Goodreau and Shawn Outlaw and Related Circumstances of Her Separation of Employment.*

  At Mr. Whelan's deposition, Plaintiff's counsel asked him about the termination of Aubrey Goodreau, which happened days before he was deposed, years after Ms. Rector's termination. Testimony about Ms. Goodreau's termination and the confrontation with Mr. Outlaw are irrelevant to any of the elements of Plaintiff's claim. See F.R.E. 401-402. Therefore, such testimony is irrelevant to support Plaintiff's claims.

  Plaintiff has already attempted to inject Ms. Goodreau's grievances with Defendants and the grounds for the separation of her employment into the record here. See Goodreau Aff.,

PageID.210, ¶ 8. Ms. Goodreau claims that she resigned because she was being sexually harassed. If Ms. Goodreau testifies as to her separation of employment, Defendants believe she will testify consistently with her affidavit in an effort to bootstrap Ms. Rector's claims. However, Ms. Goodreau's employment was terminated after she called Mr. Outlaw a racial slur. If Ms. Goodreau attempts to testify as to her separation of employment in an effort to bootstrap Ms. Rector's claims, Defendants will have to impeach her with the actual grounds for the termination of her employment. Specifically, Ms. Goodreau called Mr. Outlaw the n-word, except she did not say "n-word," she repeatedly screamed the actual slur in the kitchen of a family restaurant, resulting in the immediate termination of her employment. See (**Exhibit 3, p. 49**).[3]

The problem here is that such testimony is emotionally charged and carries an unreasonable likelihood of inflaming the passions of the jury. Ms. Goodreau's testimony is already of little probative weight to the issues at hand. If she misrepresents the circumstances of the separation of her employment, Defendants would have little choice but to impeach her with highly inflammatory evidence. It is a Catch-22 for Defendants: on one hand, Defendants could let Ms. Goodreau's false testimony concerning her termination stand; on the other, Defendants would have to impeach her with racially-charged testimony that creates an unreasonable risk of confusion of issues, and misleading the jury. The testimony of Ms. Goodreau fails the F.R.E. 403 balancing and should be excluded from evidence.

---

[3] A portion of the slur used by Ms. Goodreau has been redacted by counsel, but the content provided makes plain the testimony at issue.

9

10. *Motion in Limine to Preclude Testimony of Reprimands of Plaintiff Failing to Meet the Definition of "Tangible Employment Action."*

Defendants request that the Court preclude testimony of reprimands or punishments that fail to meet the definition of "tangible employment action." As previously noted, in an ELCRA sexual harassment quid pro quo claim, Plaintiff must show that her refusal to engage in proscribed conduct was a factor in a decision affecting her employment. Op. re: Def's. Mot. for Summary Judgment, PageID.288-PageID.289. Caselaw and the model jury instruction itself defines "a decision affecting the plaintiff's employment" and requires that it "must be a tangible employment action. To be a tangible employment action, the action *must constitute a change in employment status such as hiring, firing, or failing to promote*." M. Civ. J.I. 105.12, *supra* (emphasis added).

Here, it is anticipated that Plaintiff will offer testimony to the jury that Defendant Whelan placed her in different sections, assigned her fewer tables, and swore at her. See *id.* at PageID.289 (citing Plaintiff's deposition testimony). Defendants will deny Plainitff's allegations of unfair treatment because of denial of purported sexual advances, and has done so in pretrial filings. However, assuming arguendo that they are true, those actions still fail to meet the definition of "tangible employment action" as required. Given this, testimony that Plaintiff was given fewer tables, sworn at, or assigned different sections is irrelevant. See F.R.E. 401. Irrelevant evidence is inadmissible. F.R.E. 402. It is anticipated that Plaintiff will argue that the jury instruction will advise the jury on the definition of "tangible employment action." However, this argument does not carry the day—Plaintiff should not be allowed to introduce evidence that plainly does not meet the definition and is thus irrelevant. Thus, adverse employment actions that fall short of "tangible employment action" should not be introduced at trial.

Plaintiff's testimony about being assigned fewer tables, different sections, and being sworn should also be inadmissible under F.R.E. 403. Given that such acts do not support her claims of quid pro quo harassment, there is no probative force to such testimony. If there is any probative force, it is slight, and is substantially outweighed by the risk of unfair prejudice to Defendants. See F.R.E. 403. Similarly, the minimal probative value of this anticipated testimony is substantially outweighed by the risk of confusing the issues (actions that fail to meet the legal standard, above), or misleading the jury (same analysis). See F.R.E. 403. Thus, Plaintiff should be precluded from offering arguments, evidence or testimony of adverse employment action that falls short of "tangible employment action." Therefore, such evidence should be ruled inadmissible.

11. *Motion in Limine to Preclude Evidence Used to Create an Emotional Bias.*

It is anticipated that the Plaintiff will attempt to introduce evidence to arouse the passions of the jury or inflame their emotions. Throughout discovery, Plaintiff has raised a number of facts that have little, if anything to do with the issues at bar, and much to do with inciting sympathy for Plaintiff. Examples include references to suffering a miscarriage of a pregnancy and being a victim of domestic violence. It is anticipated that Plaintiff will attempt to bring these and other issues before the jury to incite their sympathy or inflame their emotions. Such evidence should not be allowed under F.R.E. 403. The rule and analysis have been identified at length in Defendants Motions, above. However, it is worth note that the advisory committee notes to F.R.E. 403 state that '"unfair prejudice' … means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Plaintiff should not be allowed to offer testimony that arouses the emotions of the jury or generate sympathy. There is little, if any

probative weight to this type of testimony. Therefore, any theoretical relevance is substantially outweighed by the risk of unfair prejudice. Such appeals to the jury's emotions and passions should be kept out of evidence.

        Respectfully submitted,

        **Numinen, DeForge & Toutant, P.C.**

        s/ Phillip B. Toutant
        _____
        PHILLIP B. TOUTANT (P72992)
        Attorney for Defendants
        105 Meeske Ave.
        Marquette, MI 49855
        (906) 226-2580
        phillip@numinenlaw.com

## **CERTIFICATE OF COMPLIANCE RE: WORD COUNT**

Pursuant to W.D. Mich. L. Civ. R. 7.2(b)(ii), I hereby certify that Defendants' Motions in Limine contain 3,013 words as defined by W.D. Mich. L. Civ. R. 7.2(b)(i) and is therefore compliant with said rule. The word count was generated by word processing software, specifically Microsoft Word for Microsoft 365.

s/ Phillip B. Toutant

PHILLIP B. TOUTANT (P72992)
Attorney for Defendants