IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ABRIELLE LONDO, ) | |
| ) | Case No. 2:20-cv-53-PLM-MV |
| Plaintiff, ) | |
| ) | U.S. District Judge: |
| v. ) | Hon. Paul L. Maloney |
| ) | |
| ENRIGHT FAMILY RESTAURANTS, ) | |
| et al., ) | U.S. Magistrate Judge: |
| ) | Hon. Maarten Vermaat |
| Defendants. ) | |

**DEFENDANTS' PORTION OF FINAL PRETRIAL CONFERENCE ORDER, WITH OBJECTION**

**I.     OBJECTION RE: PLAINTIFF'S FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER.**

On September 29, 2021, Plaintiff's counsel emailed Defendants' counsel, stating in part that "I will also have my portion of the Proposed Joint Final Pretrial Order to you tomorrow morning for filing on Friday." (**Exhibit 1—Email from Plaintiff's Counsel**). Of course, Plaintiff's counsel ignores the fact that the parties were required to jointly prepare and file said order on September 30, 2021, three business days before the October 5, 2021 Final Pretrial Conference. See Case Management Order, PageID.73 & PageID.77. Further, Plaintiff's counsel never actually emailed Defendants' counsel Plaintiff's portion of the Final Pretrial Conference Order as she claimed she would.

Thus, Defendants are stuck with the unpleasant choice of (a) blowing the Court's deadline due to Plaintiff's failure to follow the Court's orders without being granted an extension of time; or (b) to attempt to put together Defendants' portion of the Final Pretrial Order (the "**FPO**") to the best of Defendants' ability but in compliance with the Case Management Order

(the "**CMO**"). Defendants will choose the latter of the two unattractive options in an effort to comply with the Court's orders. Of course, Defendants—who do not have the burden of proof—are severely prejudiced by not knowing what Plaintiff intends to introduce at trial, the witnesses Plaintiff intends to call. This is not the first time Plaintiff has ignored the Court's orders and Defendants request that the Court consider sanctions, up to dismissal, at the Court's discretion.

Further, because Defendants are unable to know Plaintiff's portion of the FPO, Defendants are severely prejudiced in identifying exhibits, witnesses, depositions or even the length of trial in a timely fashion. Defendants object to Plaintiff's failure to comply with the Court's orders concerning the FPO and respectfully request that the Court give Defendants leave to amend their portion of the FPO if/when Plaintiff decides that she should follow the Court's orders. Not granting Defendants the ability to amend their portion of the FPO effectively allows Plaintiff to use her violation of the Court's order to ambush Defendants for trial. This should not be allowed.

**II.      DEFENDANTS' PRELIMINARY PORTION OF FINAL PRETRIAL ORDER.**

A final pretrial conference was held on the 5th day of October, 2021.

>    Appearing for the parties as counsel were:
>        Sandra Burink for Plaintiff
>        Phillip Toutant for Defendants

1)      Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

>    ***Plaintiff:***
>
>    Unknown. Defendants respectfully request that Plaintiff's exhibits be determined to be inadmissible at trial. See CMO, PageID.77. To the extent that Plaintiff is allowed to offer any exhibits, Defendants respectfully request that their right to object be preserved.

*Defendants:*
Exhibit A    Big Boy Hourly Franchise Restaurant Employee Information Guide
Exhibit B    Plaintiff's Employment Application
Exhibit C    Plaintiff's Essential Functions Sign Off Form
Exhibit D    Plaintiff's Employee Information Guide Sign Off Form

Defendant anticipates using additional evidence for impeachment but disclosure of said exhibits is not required pursuant to the CMO.

2) <u>Uncontroverted Facts:</u> The parties have agreed that the following may be accepted as established facts:

None—Defendants have received no communications from Plaintiff concerning this issue. See Defendants' objection, above.

3) <u>Controverted Facts and Unresolved Issues:</u> The factual issues remaining to be determined and issues of law for the Court's determination are:

All—as Plaintiff and Defendants have been unable to agree on uncontroverted facts, all facts and issues of law not already ruled on are to be determined at trial.

By way of example, unresolved issues include those addressed in Defendants' Motions in Limine and Defendants' Motion to Remand or Dismiss. Defendants genuinely controvert Plaintiff's claim that she was subject to unwelcome proscribed conduct, that Plaintiff rejected such unwelcome proscribed conduct, and that Plaintiff incurred tangible employment action as a result. Defendants also controvert Plaintiff's damages.

4) <u>Witnesses:</u>

a. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only are:

*Plaintiff:*

Unknown. Defendant objects to Plaintiff calling witnesses to support her case due to Plaintiff's repeated failures to comply with the Court's orders. See CMO, PageID.78.

*Defendants:*
Stephen Whelan (will call)
Contact through counsel

Abrielle Rector (may call; Defendants reserve the right to call Ms. Rector as an adverse witness in their case in chief)
    Contact through counsel

Shawn Outlaw (may call)
    817 Clark St.
    Marquette, MI 49855
    (906) 362-2048

Brandon Smaby (may call)
    816 N. Third St.
    Marquette, MI 49855
    (906) 360-0868

Steve Neimi (may call)
    1309 Pine St.
    Marquette, MI 49855
    (906) 458-1331

Ken Glasheen (may call)
    1950 U.S. 41 W.
    Marquette, MI 49855
    (920) 412-6344

Jody Nurmi (may call)
    1950 U.S. 41 W.
    Marquette, MI 49855
    (906) 287-1841

Taylor Black (may call)
    1950 U.S. 41 W.
    Marquette, MI 49855
    (906) 282-3945

Amanda Engle (may call)
    1950 U.S. 41 W.
    Marquette, MI 49855
    (906) 360-3378

Kara Turner (may call)
    1950 U.S. 41 W.
    Marquette, MI 49855
    (906) 373-6441

        Kami Richards (may call)
            1950 U.S. 41 W.
            Marquette, MI 49855
            (906) 202-1577

        Defendant reserves the right to identify additional witnesses based upon Plaintiff's witness identification, if Plaintiff is permitted to call witnesses, as well as witnesses for the purpose of rebuttal or impeachment as permitted.

    b.     Expert witnesses to be called by the plaintiff and the defendant, except those who may be called for impeachment purposes only are:

    *Plaintiff:*

        Unknown. Defendant objects to Plaintiff calling expert witnesses to support her case due to Plaintiff's repeated failures to comply with the Court's orders. See CMO, PageID.79.

    *Defendants:*

        None.

5)     <u>Depositions and Other Discovery Documents:</u>

    *Plaintiff:*

        Unknown. Defendants object to Plaintiff's proffering of such evidence for Plaintiff's failure to comply with the Court's orders.

    *Defendants:*

        None other than portions of depositions or other discovery materials that are anticipated to be used for impeachment purposes.

6)     <u>Length of Trial:</u> Counsel estimate the trial will last approximately \_\_\_\_ days, total, allocated as follows: \_\_\_\_ days for Plaintiff's case (unknown); 1-2 days for Defendants' case.

7)     <u>Prospects of Settlement:</u> The status of settlement negotiations is at an impasse. The parties have discussed the prospect of settlement and demands have been exchanged. However, the parties have widely differing assessments of the settlement value of Plaintiff's claim. To date, negotiations have occurred between counsel in person or via email.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant

_____

PHILLIP B. TOUTANT (P72992)
Attorney for Defendants
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com