## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**ABRIELLE LONDO,**

               Plaintiff,

                                     Case No. 2:20-cv-53-PLM-MV

v.

                                     Hon. Paul L. Maloney

**ENRIGHT FAMILY RESTAURANTS, and**    Magistrate Maarten Vermaat
**STEVE WHELAN,**

               Defendants.

---

## PROPOSED FINAL PRETRIAL ORDER

      Now Come the parties, Plaintiff, Abrielle Londo ("Plaintiff") and Defendants, Enright

Family Restaurants and Steven Whelan, individually, (collectively "Defendants") and hereby

submit the following Proposed Joint Final Pretrial Order[1]:

A final pretrial conference was held on the 5th Day of October, 2021. Appearing for the parties as
counsel were:

                    For Plaintiff:        Sandra Hanshaw Burink (P68619)

                    For Defendant:      Phillip Toutant (P72992)

1)      The following exhibits will be offered by the plaintiff and the defendant:

For Plaintiff:

                    Exhibit 1:     Defendant's Employee Handbook

---

[1] Counsel for Defendants has made no attempt to work with undersigned counsel to prepare the
joint Final Pretrial Order, despite the representations made by counsel. The undersigned has never
been provided with any information from counsel for Defendants, including notifying the exhibits
or witnesses that Defendants intends to use at the time of trial. As referenced in the Court's Case
Management Order, Defendants remain obligated to also provide the same information to Plaintiff
as Defendants demand, which was not provided, and no attempts were made to provide the
information prior to filing Defendants' Proposed Order. Thus, Plaintiff opposes any action to
dismiss Plaintiff's claim.

Exhibit 2:    Text Messages Between Plaintiff and Defendant Steven Whelan
Exhibit 3:    Wage Reports/Tax Records of Plaintiff's earnings while employed with Defendant.
Exhibit 4:    Plaintiff's Medical Records relating to her leave of absence

For Defendant:

2)    <u>Uncontroverted Facts:</u>  The parties have agreed that the following may be accepted as established facts:

a.    Plaintiff began her employment with Defendant Enright in September of 2017.

b.    Defendant Enright conducts business as Big Boy, located in Marquette, Michigan.

c.    Plaintiff's position was that of server, which required that she serve food and beverages to patrons.

d.    During the period of Plaintiff's employment, Defendants' customary practice was to assign servers sections, which would include specific tables that the server was responsible for tending to.

e.    During the period of Plaintiff's employment, it was also Defendants' customary practice that Defendant Steven Whelan would prepare the shift schedules for the server staff.

f.    At all relevant times Defendant Steven Whelan was Plaintiff's direct supervisor and he had supervisory authority over her.

g.    Plaintiff and Defendant Steven Whelan initially had a friendship outside of the supervisor/subordinate relationship and outside of the workplace.

h.    Plaintiff took a medical leave of absence beginning January 7, 2019, and ending on February 17, 2019.

i.    Defendants terminated Plaintiff from her position on February 17, 2019.

j.    Defendant Whelan is the sole person who made the decision to terminate Plaintiff and he notified her of the termination.

3)    <u>Controverted Facts and Unresolved Issues:</u> The factual issues remaining to be determined and issues of law for the Court's determination are:

<u>Factual Issues:</u>

a.     Whether Defendant Whelan's sexual advances toward Plaintiff created a hostile work environment for her.

b.     Whether Defendant Whelan used Plaintiff's submission to or rejection of his sexual advances as a condition of Plaintiff's employment.

c.     Whether Defendant Whelan assigned Plaintiff less desirable, and less lucrative, table sections as a result of her refusing his sexual advances and communications.

d.     Whether Defendant Whelan assigned Plaintiff less shifts as a result of her rejecting his sexual advances and communications.

e.     Whether Plaintiff was terminated as a result of her rejection of Defendant Whelan's sexual advances.

f.     Whether Plaintiff sustained damages as a result of Defendants' conduct.

4)     <u>Witnesses:</u>

a.     Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purpose only, are:

<u>For Plaintiff:</u>

Abrielle Londo—This witness will be called. Ms. Londo will testify as to the unwelcome sexual advances made by Steven Whelan, her direct supervisor. She can be contacted through her counsel, the undersigned.

Jan Londo—This witness will be called. She is Ms. Londo's mother and can attest to the significant emotional distress sustained as a result of Defendants' unlawful conduct. Mrs. Londo's contact information is below:

906-458-4877
608 Croix Street
Negaunee,MI 49866

Aubrey Goodreau—This witness will be called to testify. Ms. Goodreau is a former employee of Defendant Enright, who worked with both Defendant Steven Whelan and Ms. Londo. She will testify to the sexual harassment she experienced by Defendant Steven Whelan and will testify as to how table sections are decided and the fact that Ms. Londo was singled out in the scheduling of her hours and table sections.

Jessica Premeau—This witness will be called to testify. Ms. Premeau is a former employee of Defendant Enright, who was also supervised by Defendant Steven Whelan. Ms. Premeau will testify that she too was subject to unwelcome sexual advances by Mr. Whelan during her tenure. She will also testify as to how the table sections are scheduled for each server.

Mike Rector—This witness may be called to testify. Mr. Rector is Ms. Londo's husband and can testify as to her emotional distress as a result of Defendants' actions. Mr. Rector can be contacted through Plaintiff's counsel.

Steven Whelan—This witness will be called as an adverse witness. He will testify as to Ms. Londo's work performance, how her table section and work schedule was decided and will testify as to his relationship with Ms. Londo.

Gary Enright—This witness may be called to testify. It is anticipated that he will testify as to the financial condition of Enright and other business aspects of the company.

Viana Hawes—This witness may be called to testify. Ms. Hawes is a former employee of Defendants and worked with Ms. Londo. She also worked with Defendant Whelan, who was her direct supervisor. It is anticipated that she will testify as to the sexual harassment she experienced by Defendant Whelan, as well as how the Defendants assign table sections and schedule the waitstaff. Her contact information is:

906-236-4946
2023 Wright Street
Marquette, Michigan 49855

Luke Heikkinen—This witness may be called to testify. Mr. Heikkinen is a former employee of Defendants and worked with Ms. Londo. It is anticipated he also was aware of the sexual harassment of Defendant Steven Whelan against Ms. Londo. It also anticipated he will testify as to the hostility displayed towards Ms. Londo by Defendant Whelan. His contact information is:

(906) 458-0982
810 Clark Street
Marquette, MI 49855

Any Keeper of the Records necessary.

Plaintiff reserves the right to call any witness necessary for impeachment or rebuttal witnesses.

For Defendant:

Although Defendants list a number of witnesses in their Proposed Final Pretrial Order, Defendants have failed to identify what those witnesses will testify to, as required by the Court's Case Management Order.

      b.      Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

For Plaintiff:

None.

For Defendant:

5)      <u>Depositions and Other Discovery Documents:</u> All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

For Plaintiff:

Plaintiff may rely upon the deposition of Steven Whelan as necessary for impeachment purposes.

For Defendant:

6)      <u>Length of Trial</u>: Counsel estimate the trial will last approximately 3 days, total, allocated as follows:

<u>1 ½ </u> days for plaintiff's case; _____ days for defendant's case.

7)      <u>Prospects of Settlement</u>:  The status of settlement negotiations is:

The parties have each made an initial demand/offer. However, the parties have been unable to reach a resolution.

Respectfully submitted,

/s Sandra Hanshaw Burink
Sandra Hanshaw Burink (P68619)