# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**ABRIELLE LONDO,**

    Plaintiff,

v.

    Case No. 2:20-cv-53-PLM-MV

**ENRIGHT FAMILY RESTAURANTS, and STEVE WHELAN,**

Hon. Paul L. Maloney
Magistrate Maarten Vermaat

    Defendants.

---

## PLAINTIFF'S MOTON TO STRIKE DEFENDANTS' FINAL PRETRIAL ORDER AND OBJECTION

Now Comes Plaintiff, Abrielle Londo, by and through her counsel and pursuant to Federal Rules of Civil Procedure 12(f) hereby submits the following Motion to Strike Defendants' Portion of the Final Pretrial Conference Order and Objection and in support states as follows:

1. On May 5, 2020 Plaintiff, Abrielle Londo ("Plaintiff") filed a complaint against Defendants, Enright Family Restaurants and Steven Whelan (collectively "Defendants") alleging violations of the Family and Medical Leave Act and Elliott-Larsen Civil Rights Act. (Page ID 1, ECF No. 1).

2. On September 3, 2020, the Court issued a Case Management Order (hereinafter "Order") setting forth the date for the Settlement Conference/Final Pretrial Conference for October 5, 2021. (ECF No. 18, Page ID 73).

1

3. The Court's Order also required that the parties jointly prepare and submit a Joint Proposed Final Pretrial Order <u>three days</u> prior to the date set for the Settlement Conference/Final Pretrial Conference. (ECF No. 18, Page ID.77).

4. On September 30, 2021, and unbeknownst to Plaintiff, Defendants filed "Defendants' Portion of Final Pretrial Conference Order, with Objection." (ECF No. 51, Page ID.337).

5. On October 1, 2021, counsel for Plaintiff sought concurrence from counsel for Defendants, but concurrence was not given. (Exhibit 1).

6. For the reasons more clearly set forth in the accompanying brief, Defendants' Portion of the Final Pretrial Conference Order, with Objection should be stricken entirely and the Objection Overruled.

7. In addition, Plaintiff asks for Judgment be entered in her favor as to liability and that she be compensated for all of her reasonable attorney fees necessitated by Defendants' conduct as outlined herein.

                                                    Respectfully submitted,


Dated: October 2, 2021                              /s Sandra Hanshaw Burink
                                                    Sandra Hanshaw Burink (P68619)
                                                    Attorney for Plaintiff
                                                    shburink@hb-lawoffices.com

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

**ABRIELLE LONDO,**

    Plaintiff,

v.

Case No. 2:20-cv-53-PLM-MV

Hon. Paul L. Maloney
Magistrate Maarten Vermaat

**ENRIGHT FAMILY RESTAURANTS, and
STEVE WHELAN,**

    Defendants.

---

### BRIEF IN SUPPPORT OF MOTION TO STRIKE

**I.   Introduction**

This claim arises out of Plaintiff, Abrielle Londo's, ("Plaintiff"), employment with Defendant Enright Family Restaurants ("Defendant Enright"). Plaintiff's remaining claim is for quid pro quo sexual harassment in violation of the Elliott-Larsen Civil Rights Act.[1]

Defendants filed, without any discussion with Plaintiff, Defendants' Portion of the Final Pretrial Conference Order with Objection. In doing so, Counsel for Defendants failed to work jointly with the undersigned. Instead, Counsel unilaterally filed Defendants' portion early, and now seeks sanctions against Plaintiff and counsel for allegedly failing to follow the Court's Order. For the reasons more

---

[1] On September 29, 2021, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. In doing so, the Court dismissed Plaintiff's claims under the Family and Medical Leave Act and Elliott-Larsen Civil Rights Act for sexual harassment hostile work environment and retaliation.

3

clearly set forth below, Defendants' entire Proposed Final Pretrial Conference Order should be stricken and Defendants' Objection should be overruled. Finally, Plaintiff asks that Defendants be sanctioned for having to bring the instant Motion.

**II.   Argument**

On September 3, 2020, the Court issued a Case Management Order setting forth deadlines and requirements. (ECF No. 18, Page ID.72). Of those, the Court set a Settlement Conference/Final Pretrial Conference for October 5, 2021, in anticipation of an October 18, 2021 Trial date. (ECF No. 18, Page ID. 72, 73).

As part of that order, and in preparation for Trial, the parties are required to jointly prepare a proposed Final Pretrial Order ("Proposed Order"). (ECF No. 18, Page ID. 77). The jointly prepared Proposed Order is required to be submitted to the court within three days prior to the date set for the Final Pretrial Conference. *Id.* On September 29, 2021, (and as referenced in Defendants' Portion of the Final Pretrial Conference Order with Objection (ECF 51)) Plaintiff's counsel emailed counsel for Defendant informing him that Plaintiff's portion of the proposed order would be emailed to him the next day, September 30. (See ECF No. 51, Page ID.337) The undersigned also informed counsel that she anticipated the Proposed Order being filed on Friday, October 1, 2021. *Id.* However, the undersigned never received any information from Defendants' counsel in order to jointly decide certain issues, such as the uncontroverted facts we could agree upon and those still controverted.

4

Instead, counsel made no attempt to jointly work with the undersigned and filed Defendants' Portion of the Proposed Joint Order, with Objection, on September 30, 2021, several days before its deadline for filing and without any input (or knowledge) from undersigned counsel. (ECF No. 51). With the proposed order, Defendants included an Objection, arguing that the undersigned counsel violated the Court's Case Management Order by not filing the joint Proposed Order by September 30, 2021. (ECF No. 51, Page ID.337, 338). In making his Objection, counsel makes serious allegations and seeks serious consequences. *Id.* He alleges a failure to follow the Court's Order and attempts by counsel to "ambush" him at trial and he asks for sanctions, including dismissal of Plaintiff's claim. Counsel's claims are incredible.

Curiously, Defendants' counsel, who apparently believed the deadline for filing the Proposed Order was September 30, 2021, knew it was the undersigned's intention to file the joint Proposed Order on Friday, October 1, 2021. (ECF No. 51, Page ID.337) Counsel believed the deadline was for September 30, 2021, but did nothing to correct counsel of her (apparent) mistaken belief. He did not communicate any part of Defendants' portion of the Proposed Order. He certainly never informed counsel of his intention to file the Proposed Order on Thursday, September 30. Counsel's Objection is audacious. Had he given the undersigned counsel a little professional courtesy, she could have educated him on the proper deadlines for the

5

Proposed Order and the parties could have avoided needless motions and costs to <u>all</u> parties involved.

The Court's Order requires that the parties submit the joint Proposed Order within **<u>three days</u>**; not three *business* days as Counsel apparently believed. (ECF No. 18, Page ID.77). With the date set for the conference falling on Tuesday, October 5, 2021, the date for the proposed order is not until Monday, October 4, 2021.[2] (Plaintiff did file a proposed Final Pretrial Order on October 1, 2021 out of an abundance of caution given Defendants' misrepresentations to the Court. (ECF 52).)

On October 1, 2021, the undersigned emailed Defendants' counsel informing him of his error in the deadlines and asking that he take steps to correct the misrepresentations made to the Court in the Objection. (Exhibit 2, Email to Toutant). Counsel never replied and to date has not corrected the misrepresentations made. Plaintiff now brings this motion that Defendants' Portion of the Proposed Final Pretrial Conference Order, with Objection be stricken.

Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The court has considerable discretion in deciding whether to strike under Rule 12(f). *State Farm Mut. Auto. Ins.*

---

[2] Three days prior to October 5, 2021 is Saturday, October 2, 2021. Pursuant to Federal Rules of Civil Procedure 6, if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

*Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015). In this case, the errors and misrepresentations contained within Defendants' Portion of the Proposed Pretrial Conference Order are such that the entire document should be stricken as contemplated by Rule 12(f). Outside of Rule 12(f), the filing should be stricken given Defendants' failure to follow the Court's Order regarding the joint preparation. Plaintiff has not violated the Court's Management Order and the time set to file the proposed Joint Order has not passed.

Accordingly, Plaintiff asks for the following relief:

a. Defendants' Portion of the Proposed Joint Pretrial Conference, with Objection be stricken;

b. Payment of Reasonable Attorney fees and costs; and

c. Judgment in favor of Plaintiff as to liability.

### III. Conclusion

Contrary to the misrepresentations made in Defendants' Portion of the Proposed Pretrial Conference Order, with Objection, it is Defendants' Counsel who violated the Case Management Order by failing to jointly prepare the Proposed Order. Counsel was made aware of his error and the undersigned requested that he correct his misrepresentations; he did not. Plaintiff is entitled to the relief requested.

Respectfully submitted,

October 2, 2021

s/Sandra Hanshaw Burink
Sandra Hanshaw Burink (P68619)
Attorney for Plaintiff
shburink@hb-lawoffices.com

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**ABRIELLE LONDO,**

    Plaintiff,

v.                                  Case No. 2:20-cv-53-PLM-MV

**ENRIGHT FAMILY RESTAURANTS, and**    Hon. Paul L. Maloney
**STEVE WHELAN,**                       Magistrate Maarten Vermaat

    Defendants.

---

## Certificate of Compliance

Pursuant to W.D. Mich. L. Civ. R. 7.2(b)(ii), I hereby certify that Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment is compliant with W.D. Mich. L. Civ. R. 7.2(b)(i).

                                              s/Sandra Hanshaw Burink
                                              Sandra Hanshaw Burink (P68619)
                                              Attorney for Plaintiff
                                              shburink@hb-lawoffices.com

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

**ABRIELLE LONDO,**

    Plaintiff,

v.

    Case No. 2:20-cv-53-PLM-MV

**ENRIGHT FAMILY RESTAURANTS, and STEVE WHELAN,**

    Hon. Paul L. Maloney
    Magistrate Maarten Vermaat

    Defendants.

## Certificate of Service

I certify that I filed Plaintiff's Motion to Strike Defendants' Portion of the Joint Final Pretrial Conference Order, with Objection via the Court's Electronic Case Filing, which will serve a copy on all counsel of record.

October 2, 2021                                          s/ Sandra Hanshaw Burink