UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| ABRIELLE LONDO, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-53 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ENRIGHT FAMILY RESTAURANTS, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO EXPEDITE AND DENYING MOTION TO DISMISS

A single claim arising under state law remains in this lawsuit. Because Plaintiff Londo's federal statutory claim has been dismissed, Defendants now ask the Court to remand or dismiss the action. (ECF No. 44.) And, Defendants request the Court expedite consideration. (ECF No. 46.) Plaintiff opposes the motion to remand or dismiss. (ECF No. 48.)

The Court **GRANTS** Defendant's motion to expedite. (ECF No. 46.) The Local Rules authorize expedited consideration when the action requested would be moot before the ordinary briefing schedule would be complete. W.D. Mich. LCivR 7.1(e).

The Court **DENIES** Defendants' motion to remand or dismiss. (ECF No. 44.) First, the Court lacks the authority to remand this action to state court because the lawsuit was originally filed in federal court; it did not originate in state court and come to federal court through the removal process. *See* 28 U.S.C. § 1557(d); *Jones v. City of Carlisle, Kentucky*, 3 F.3d 945, 951 (6th Cir. 1993). Second, the decision to retain supplemental jurisdiction over state-law claims falls within a district court's discretion. *Gamel v. City of Cincinnati*, 625

F.3d 949, 951 (6th Cir. 2010). Although district courts often decline to exercise jurisdiction over state-law claims when the federal claims have been dismissed, under certain circumstances, courts retain supplemental jurisdiction. *Id.* at 952. Here, the parties have litigated this action for about 18 months, they have engaged in discovery and the Court has considered and resolved a motion for summary judgment. These factors all weigh in favor of exercising supplemental jurisdiction. The trial is scheduled to begin on October 18, 2021. And, Plaintiff's remaining state-law claim has a three-year statute of limitation. Judicial economy and the risk of prejudice to Plaintiff also weigh in favor of exercising supplemental jurisdiction.

**IT IS SO ORDERED.**

Date:   October 4, 2021                                /s/  Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge