**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

**ABRIELLE LONDO,**

      Plaintiff,

v.

      Case No. 2:20-cv-53-PLM-MV

**ENRIGHT FAMILY RESTAURANTS, and
STEVE WHELAN,**

Hon. Paul L. Maloney
Magistrate Maarten Vermaat

      Defendants.

---

## **PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff moves in limine for an Order preventing the Defendants from introducing certain improper character evidence at Trial, which is set for October 18, 2021.

### I.  Introduction

This case arises out of the employment of Plaintiff, Abrielle Londo ("Plaintiff") with Defendants Enright Family Restaurants and Steve Whelan (collectively "Defendants", individually "Defendant Enright" and "Defendant Whelan"). Plaintiff filed a complaint alleging violations of the Family and Medical Leave Act for inference and retaliation and for violation of the Elliott-Larsen Civil Rights Act, MCL 37.2202 for a sexual harassment hostile work environment, quid pro quo sexual harassment and retaliation. (ECF No. 1). On September 29, 2021, the Court granted in part and denied in part Defendants' Motion for Summary Judgment.

(ECF No. 42). The only remaining claim at issue is Plaintiff's claim for Quid Pro Quo Sexual Harassment under the Elliott-Larsen Civil Rights Act.

Trial is set for October 18, 2021 and Plaintiff seeks to exclude certain evidence that is irrelevant and which has no probative value relating to Plaintiff's claims. Plaintiff seeks to exclude the following evidence:

- Any testimony or evidence regarding the allegation that Plaintiff commented to a coworker that she "enjoyed putting cocaine in her anus for enhanced sexual experience".

- Any evidence or testimony that Plaintiff performed any sexually suggestive dance moves or made sexual gestures to any coworker or customer of Defendants.

- Any evidence or testimony that Plaintiff told another coworker that she wanted to have his "black baby."

- Any evidence or testimony that Plaintiff told a customer or anyone that her "first baby daddy would pay her rent, her second baby daddy would pay her car payment, and when she got a third baby daddy she would never have to work again."

- Any evidence or testimony regarding Plaintiff's former employment as an exotic dancer, including the fact that she was previously an exotic dancer.

- Any evidence or testimony regarding the dismissal of Plaintiff's claims that were filed and dismissed on Summary Judgment.

- Any evidence or testimony regarding Plaintiff's criminal history.

Plaintiff sought concurrence on all the issues outlined in this Motion; concurrence was denied. For the reasons set forth below, Plaintiff asks that the evidence outlined above, be excluded from introduction at trial.

**II. Argument**

The decision to grant or deny a motion *in limine* is within the sound discretion of the trial court. *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012). "Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997).

Under the Federal Rules of Evidence, evidence is admissible so long as it is relevant and not barred by a specific rule or statute. *Fed. R. Evid. 402*. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Fed. R. Evid. 401*. However, evidence that has the risk of being unduly prejudicial to a party should be excluded. Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*. When analyzing arguments under Rule 403, "[t]he relevant question is whether its probative value is substantially outweighed by its danger of *unfair* prejudice." *Doe v. Claiborne Cty., Tenn.*, 103 F.3d 495, 515-16 (6th Cir. 1996).

    **A.**    **Any testimony or evidence regarding the allegation that Plaintiff commented to a coworker that she "enjoyed putting cocaine in her**

3

>   anus for enhanced sexual experience" or any evidence or testimony that she had conversations of a sexual nature with any other employee outside of Defendant Steve Whelan.

Defendant Whelan alleges comments were made by Plaintiff that she told a 16-year-old girl that Plaintiff "enjoyed putting cocaine in her anus for enhanced sexual experience" and that she started discussions concerning inappropriate sexual topics at work. (ECF 32-2, PageID 125). The allegations that the comment was made to a coworker do not relate to Plaintiff's claim for quid pro quo sexual harassment and should be excluded under Rule 403. Any probative value, though none exists as it relates to Plaintiff's case or Defendants' defenses, is far outweighed by the prejudicial effect the evidence would have on the jury. Particularly where the comment was allegedly made to a coworker and where Plaintiff's claim does not involve a claim for sexual harassment hostile work environment. The evidence is irrelevant and unfairly prejudicial and should be excluded.

>   **B.    Any evidence or testimony that Plaintiff performed any sexually suggestive dance moves or made sexual gestures to any coworker or customer of Defendants.**

Defendant Whelan alleges that he learned that Plaintiff "performed sexually suggestive dance moves against [another employee] at points when the two of them interacted in the kitchen at work." (ECF No. 32-2, Page ID 125). Again, the evidence as to whether Plaintiff performed any sort of dance move with a coworker is not relevant to whether she was subjected to quid pro quo sexual harassment at the hands

4

of her supervisor. It is not alleged that she performed dance moves for sexual harasser. Thus, the evidence is not relevant and should be excluded. Even if the Court finds it to be relevant, Rule 403 weighs in favor of excluding the evidence. The jury would be confused, and it would be unfairly prejudicial to Plaintiff's claim. The unwelcome sexual conduct at issue for trial is against Defendant Whelan and not any other employee and no hostile work environment claim exists. Whether Plaintiff engaged in any other conduct with other employees is irrelevant and should be excluded.

    **C.**    **Any evidence or testimony that Plaintiff told another coworker that she wanted to have his "black baby."**

Defendant Whelan also alleges that Plaintiff told another coworker that she wanted to have his "black baby." (ECF No. 32-2, Page ID 125). The comment is irrelevant to Plaintiff's claim for quid pro quo sexual harassment and should be excluded under Rule 402 and 403. The comment does not relate to the quid pro quo sexual harassment that is at issue here and it is not alleged to have been made to Defendant Whelan, the subject of the quid pro quo sexual harassment complaint. As such, evidence regarding the comment, including testimony, should be excluded.

    **D.**    **Any evidence or testimony that Plaintiff told a customer or anyone that her "first baby daddy would pay her rent, her second baby daddy would pay her car payment, and when she got a third baby daddy she would never have to work again."**

Defendants allege that Plaintiff told a customer, that her "first baby daddy would pay her rent, her second baby daddy would pay her car payment, and when she got a third baby daddy she would never have to work again." (ECF No. 32-2, PageID125). The comment is not relevant to Plaintiff's claim or Defendants' defenses against her quid pro quo sexual harassment claim and in fact has the impact of confusing the jury and is unfairly prejudicial to her claim. It should be excluded from evidence, including testimony under Rule 403.

> **E. Any evidence or testimony regarding Plaintiff's former employment as an exotic dancer, including the fact that she was previously an exotic dancer.**

Plaintiff testified during her deposition that she formerly performed as an exotic dancer. However, Defendants should not be able to use such evidence in support of its defense to Plaintiff's quid pro quo sexual harassment claim. The fact that she was an exotic dancer has absolutely no relevance to her claim but would certainly have the impact of being unfairly and unduly prejudicial to Plaintiff's claim. It is the exact type of evidence that Rule 403 contemplated as excludable where the unfair prejudice outweighs any probative value that may exist (none exists with respect to this piece of evidence). All evidence and testimony regarding Plaintiffs former career as an exotic dancer should be excluded under Rule 403.

**F.     Any evidence or testimony regarding the dismissal of Plaintiff's claims that were filed and dismissed on Summary Judgment.**

On September 29, 2021, the Court granted in part Defendants' Motion for Summary Judgment. (ECF No. 42). In doing so, the Court dismissed four of her five claims. *Id*. Any evidence or testimony regarding the dismissal of the prior claims should be excluded as being irrelevant under Rule 402 and highly prejudicial under Rule 403. A jury will likely be confused regarding the dismissals of part of Plaintiff's claims and not all. All evidence and testimony regarding the dismissal of her other claims should be excluded.

**F.     Any evidence or testimony regarding Plaintiff's criminal history.**

During Plaintiff's deposition, she was asked about her criminal history. All evidence concerning her criminal history is irrelevant under Rule 402 and highly prejudicial under Rule 403. Whether she has a criminal past has no relation to her claim or to Defendants' defense and should be excluded.

Respectfully submitted,

Dated: October 4, 2021

s/Sandra Hanshaw Burink
Sandra Hanshaw Burink (P68619)
Counsel for Plaintiff
shburink@hb-lawoffices.com

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

**ABRIELLE LONDO,**

    Plaintiff,

v.

    Case No. 2:20-cv-53-PLM-MV

**ENRIGHT FAMILY RESTAURANTS, and STEVE WHELAN,**

Hon. Paul L. Maloney
Magistrate Maarten Vermaat

    Defendants.

## Certificate of Service

I certify that I filed the foregoing Motion in Limine using the Court's ECF system, which will automatically email a copy to counsel for Defendants.

October 4, 2021                          s/Sandra Hanshaw Burink